IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WILLIAM SHAW, #02504705, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:25-cv-108-JDK-KNM |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner William Shaw, a Texas Department of Criminal Justice prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2024 conviction for burglary in Smith County, Texas. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On October 24, 2025, Judge Mitchell issued a Report recommending that the petition be dismissed with prejudice due to Petitioner's failure to exhaust his state remedies, and that a certificate of appealability be denied. Docket No. 23. Petitioner filed written objections. Docket No. 24.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Judge Mitchell recommends dismissal of the petition because Petitioner failed to exhaust his claims in state court as required by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(b). Docket No. 23 at 3–6. In his objection, Petitioner maintains that he attempted to exhaust his state remedies by filing a state habeas application in October 2024, to which he received no response, and further suggests that his ability to litigate this case has been hindered by the prison's obstruction of legal mail from this Court. Docket No. 24 at 1–2.

The Court ordered Respondent to respond to those points in Petitioner's objection, and Respondent timely responded with two affidavits reflecting the results of his investigation. Docket No. 26. Based upon that response and the record in this case, the Court is satisfied that Petitioner did not mail a state habeas application to state court any time from mid-September through mid-November of 2024, as he asserts, and that his mail from this Court has not been obstructed during this case.

The rest of Petitioner's objection goes to the merits of his claims rather than his failure to exhaust them and are thus not material to the basis for dismissal. However, to the extent the claims' lack of merit is relevant to the decision to dismiss rather than to stay proceedings (*see* Docket No. 23 at 4–6), the referenced "threat" from the prosecutor and Petitioner's counsel that he faced a significantly longer sentence if he refused the offered plea deal did not constitute blackmail or otherwise render his plea involuntary, for reasons explained by Judge Mitchell. Docket No. 23

2

at 5. "While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973)).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 24) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 23) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice as unexhausted. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **16th** day of **December, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE